1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ELLEN JEAN WINOGRAD
2  Nevada Bar No. 815
   Ellen.Winograd@lewisbrisbois.com
3  5555 Kietzke Lane, Suite 200
   Reno, Nevada 89511
4  Telephone: 775.399.6383
   Facsimile: 775.827.9256
5  Attorneys for Defendant
   JACK JUAN
6
                  UNITED STATES DISTRICT COURT
7
              DISTRICT OF NEVADA, NORTHERN DIVISION
8

| | |
|---|---|
| JANE DOE, individually,, | Case No. |
| Plaintiff, | **PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 USC § 1441 AND 28 USC § 1331** |
| vs. | |
| JACK JUAN, an individual; DOES I through X; ROE Corporations I through X, inclusive,, | **(FEDERAL QUESTION)** |
| Defendants. | |

14
15          Defendant JACK JUAN, by and through his counsel, ELLEN JEAN WINOGRAD, of
16  LEWIS BRISBOIS BISGAARD AND SMITH, LLP, hereby removes to this Court the State Court
17  action described below, and in support states as follows:
18          1.      On July 27, 2024, an action was commenced in the Eighth Judicial District Court in
19  Clark County, Nevada, entitled "JANE DOE" vs. JACK JUAN, *et al.*, Case No. A-24-898544-C.
20  (See, Complaint in the State Court action attached as **Exhibit A**).
21          2.      The Complaint was served on JACK JUAN, on December 28, 2024. (See, Proof of
22  Service attached as **Exhibit J**).
23          3.      This petition is timely filed within thirty days of receipt of the initial pleading
24  pursuant to 28 USC § 1441.
25          4.      The following documents were filed by Plaintiff "JANE DOE" in this matter in the
26  Eighth Judicial District Court in and for Clark County, Nevada:
27                  Complaint;
                    Initial Appearance Fee Disclosure;
28                  Order to Show Cause;
                    Substitution of Attorney;

151268515.1                                                                          Case No.

Plaintiff's Motion to Extend Time to Serve Complaint;
Clerk's Notice of Hearing ;
Plaintiff's Response to December 17, 2024 Order to Show Cause;
Plaintiff's Supplement to Motin to Extend Time;
Minute Order;
Proof of Service

5.      This Court has original jurisdiction over this civil action pursuant to 28 USC § 1331, as there is Federal Question of law in controversy. Accordingly, pursuant to 28 USC § 1441 and 28 USC § 1331, JACK JUAN is entitled to remove this action to this Court.

6.      This action involves an individual who alleges she was a former co-worker of Defendant.[1] Plaintiff claims she was sexually assaulted by Defendant, a co-worker. In her Complaint, Plaintiff claims JACK JUAN made "racial slurs" and sexual comments towards "JANE DOE". (See, Complaint, pp. 1-2, attached hereto as **Exhibit A**). "JANE DOE" asserts causes of action for BATTERY, ASSAULT, FALSE IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and NEGLIGENCE. JACK JUAN denies any and all liability to Plaintiff.

7.      Plaintiff is and was during all relevant times, a resident of the State of Nevada. (See, Complaint, p. 2, attached hereto as **Exhibit A**).

8.      JACK JUAN is and was during all relevant times a resident of the State of Nevada.(See, Complaint, p. 2, attached hereto as **Exhibit A**).

9.      Plaintiff refereed in her Complaint, to incidents involving JACK JUAN and co-workers at a social gathering. (See, Complaint, p.1, ll. 24-26, attached hereto as **Exhibit A**),

10.      The action in the State Court was not commenced more than one year before the date of this removal.

11.      However, pleaded, Plaintiff "JANE DOE" is asserting rights and remedies predicted by Federal Law.

12.      A true and correct copy of this Notice will be filed with the Clerk for the Eighth Judicial District Court in and for Clark County, Nevada.

---

[1] Plaintiff is designated in the caption as "Jane Doe".

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Based on the foregoing and the fact that Plaintiff "JANE DOE'S" allegations appear racial

2  and/or sexual, this action alleges acts against a Plaintiff in a federally protected class. 28 USC §

3  1331.

4    Defendant JACK JUAN removes this action, which is currently pending in the Eighth

5  Judicial District Court in and for Clark County, Nevada, as Case No. A-24-898544-C, to this Court.

6    DATED this 17th day of January, 2025.

LEWIS BRISBOIS BISGAARD & SMITH LLP


By        /s/ Ellen Jean Winograd, Esq.
          ELLEN JEAN WINOGRAD
          Nevada Bar No. 815
          5555 Kietzke Lane, Suite 200
          Reno, Nevada 89511
          Tel. 775.399.6383

          Attorneys for Defendant
          JACK JUAN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**CERTIFICATE OF SERVICE**

2    I hereby certify on this 17th day of January, 2025, that the foregoing **PETITION FOR**

3  **REMOVAL TO FEDERAL COURT** was served via the Electronic Filing System with the U.S.

4  District Court on all parties or persons requesting notice and/or by Email and U.S. Mail.

5

6        MARGARET A. MCLETCHIE
         LEO S. WOLPERT
7        MCLETCHIE LAW
         602 South Tenth Street
8        Las Vegas, NV 89101
         (702) 728-5300
9        maggie@nvlitigation.com
10

11

12                      By   /s/ Louise Ligouri
                             _____
13                           an Employee of
                             LEWIS BRISBOIS BISGAARD & SMITH LLP
14

15

16

17  b

18

19

20

21

22

23

24

25

26

27

28

151268515.1                               4                          Case No.

1

## <u>INDEX OF EXHIBITS</u>

| | | |
|---|---|---|
| Exhibit A | Complaint in Case No. A-24-898544-C | 11 Pages |
| Exhibit B | Initial Appearance Fee Disclosure | 2 Pages |
| Exhibit C | Order to Show Cause | 3 Pages |
| Exhibit D | Substitution of Attorney | 4 Pages |
| Exhibit E | Plaintiff's Motion to Extend Time to Serve Complaint | 15 Pages |
| Exhibit F | Clerk's Notice of Hearing | 2 Pages |
| Exhibit G | Plaintiff's Response to December 17, 2024 Order to Show Cause | 5 Pages |
| Exhibit H | Plaintiff's Supplement to Motin to Extend Time | 4 Pages |
| Exhibit I | Minute Order | 2 Pages |
| Exhibit  J | Proof of Service | 4 Pages |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**EXHIBIT A**

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Electronically Filed
7/27/2024 6:50 PM
Steven D. Grierson
CLERK OF THE COURT

1

2  **COMP**
   HOLMAN LAW OFFICE
3  Kristina S. Holman, SBN No. 3742
   8275 S. Eastern Ave., Suite 215
4  Las Vegas, NV 89123
   Tel: (702) 614-4777
5  Fax: (702) 990-8681
   Email: *kholman@kristinaholman.com*
6  *Attorney for Plaintiff Jane Doe*

**CASE NO: A-24-898544-C**
**Department 2**

7

8                      **DISTRICT COURT**

9                   **CLARK COUNTY, NEVADA**

10  JANE DOE, individually,                    CASE NO.:

11              Plaintiff,                      DEPT NO.:

    vs.
12
                                               **COMPLAINT**
13  JACK JUAN, an individual; DOES I through
    X; ROE corporations I through X, inclusive.
14
                Defendants.
15

16

17

18

19          This is a civil action for damages.  Plaintiff JANE DOE ("Plaintiff" or "Jane Doe")

20

21  hereby alleges and complains as follows:

22                      **NATURE OF THE ACTION**

23          Plaintiff Jane Doe has been employed by a business on or around July 28, 2022.  JACK

24  was one of several owners of the business. On or around July 28, 2022, Jane Doe scheduled a

25  social gathering amongst employees/co-workers at the Red Rock Hotel and Casino (Red Rock)
26
    in its bowling alley.  Jane Doe and other employees/co-workers were confronted by JACK at the
27
28  Red Rock bowling alley bar.  JACK was inebriated, and after making racial comments, turned to

-1-

make sexual comments towards Jane Doe.  JACK also prohibited Jane Doe from freely leaving the area and would only allow her to leave after a physical hug and kiss on the forehead.  JACK further indicated that Jane Doe could only be successful at the business if she was a male.  And, to ensure her success, Jane Doe could provide "favors" to JACK. Jane Doe was seen to be physically uncomfortable and emotionally upset by multiple people in the vicinity, including other employees/co-workers.  Upon being approached by another owner of the business that was present at the event, JACK ceased his inappropriate actions. Jane Doe immediately reported the unlawful actions to another owner of the business.  After an investigation, JACK was voted out of the business but was permitted to remain within the business for nearly five months.  And, as a result, Jane Doe continued to fear that JACK would target her and make physical and sexual advances.

As a result of JACK's battery, assault, negligence, and false imprisonment, Jane Doe has suffered, will suffer, and continues to suffer from fear, anxiety, and depression.  Jane Doe brings this suit to redress the pain and suffering she has and will continue to experience as a result of JACK's shocking and unlawful actions.

### JURISIDCTION AND VENUE

1.  In filing this civil action, Jane Doe seeks damages and declaratory relief.

2.  The actions and events giving rise to this action occurred in Clark County, Nevada.

3.  This Court has jurisdiction over this action pursuant to Nev. Rev. Stat. Section 14.065.

4.  Venue is proper in this district pursuant to Nev. Rev. Stat. Section 13.040.

### PARTIES

5.  Plaintiff Jane Doe is a resident of Las Vegas, Nevada.

6.  Upon information and belief, Jack Juan is a resident of Clark County, Nevada.

7.   The true names and capacities, whether individual, corporate or other business entity, of

Roe Corporations I – X are unknown to Plaintiff.  Plaintiff believes and therefore alleges

that each of the Defendants designated herein as Roes I – X are negligent or responsible

in some manner for the events and happenings herein referred to and negligently,

carelessly, recklessly, and in a manner that was grossly negligent, and/or willful, and/or

wanton, and caused damages proximately thereby to Plaintiff as alleged herein.  Plaintiff

will petition this Court to amend this Complaint to insert the true names of each party

designated as Roe Defendants when said parties are ascertained.

## FACTUAL ALLEGATIONS GENERALLY APPLICABLE TO ALL CLAIMS

8.   Jane Doe was employed by a business on or around July 28, 2022, wherein JACK

was one of several owners of the business.

9.   One of Jane Doe's regular duties at the business included arranging social events

for employees.

10.   On July 28, 2022, Jane Doe organized a social event at the Red Rock bowling

alley for her peers, co-workers, and employees of the business.

11.   This was a business sponsored event wherein many other owners of the business

were present and attended the event.

12.   As part of the event, employees were bowling at Red Rock and played other

games, including pool and darts.

13.   At approximately 5:30 p.m., Jane Doe announced she was leaving the event to go

home to her child.

14.   Approximately three other employees/co-workers began to walk with Jane Doe

towards the exit.

-3-

15.     Jane Doe and the employees/co-workers stopped at the bar within the Red Rock bowling alley.

16.     While at the bar, JACK suddenly appeared and looked inebriated.  He was profusely sweating to the point where his hair was sticking to his forehead.

17.     As an owner of the business, JACK got Jane Doe and the other employees/co-workers' attention.

18.     JACK began to berate the bartender and make racial comments related to Puerto Rican women.

19.     Two of the employees/co-workers returned to bowling, in part, because of JACK's obnoxious behavior.

20.     Jane Doe did not see the two employees/co-workers leave the bar vicinity.

21.     Jane Doe and another employee/co-worker remained at the bar with JACK.

22.     Shortly thereafter, the third employee/co-worker left the vicinity to use the restroom, leaving Jane Doe and JACK alone in the bar area.

23.     JACK began to make sexual comments and actions toward Jane Doe, including, "what are you doing with that body," while pointing up and down at Jane Doe's physical body and looking her up and down suggestively.

24.     When Jane Doe asked JACK what he was referring to, JACK indicated that he was owed for Jane Doe's success at the business so far and, if she wanted to continue to be successful, he could make that happen upon return of a favor.

25.     JACK further indicated to Jane Doe that, if she had been a male, she would have already been named as part owner of the business.

26.     Jane Doe began to get upset and indicated to JACK that she needed to leave.

-4-

27.     JACK positioned his chair to prevent Jane Doe from leaving the bar area.

28.     Jane Doe pleaded with JACK to be able to leave with tears rolling down her face.

29.     JACK indicated he would allow Jane Doe to leave after she gave him a hug.

30.     Without consent, JACK gave Jane Doe a hug and kissed her forehead.

31.     Other employees/co-workers witnessed this interaction between JACK and Jane Doe.

32.     Thereafter, JACK still refused to let Jane Doe leave the vicinity.

33.     Another owner of the business witnessed Jane Doe from afar and could immediately see her body language and knew she was uncomfortable.

34.     This other owner approached both JACK and Jane Doe to inquire what was going on.

35.     At that point, Jane Doe had tears in her eyes and immediately fled the vicinity.

36.     Jane Doe called a friend, and business owner, hysterically to explain what had occurred.

37.     Concerned for retaliation, Jane Doe refused to formally report the incident to the managing owner.

38.     Nevertheless, other owners reported the event and an investigation ensued.

39.     The investigation revealed that JACK did not deny any allegations and that there was a quid pro quo made by JACK.

40.     The business owners collectively voted JACK out of the business.

41.     Despite being voted out, JACK was permitted to remain with the business and had access to the building for nearly five (5) months after the incident, until he obtained employment elsewhere.

-5-

42.     The managing owner created a protocol that required JACK to advise her of when he wanted to be present in the building.

43.     JACK was required to advise the managing owner when he needed to have access to the building and she would ensure that Jane Doe would not be in the office.

44.     One Saturday, JACK did not follow this protocol and accessed the building while Jane Doe was in her office.

45.     This caused Jane Doe to have a panic attack and become hysterical.

46.     For several months, Jane Doe did not participate in any social events or gatherings related to the business and locked herself in the office during business hours.

47.     Since Jane Doe Plaintiff has been subjected to sexual assault and battery on July 28, 2022, Jane Doe has lived with fear and anxiety concerning not only her physical protection, but also the lasting effects this incident may have in her continued pursuit of a successful career.

## FIRST CAUSE OF ACTION

## BATTERY

48.     Plaintiff realleges and herein incorporates by reference the allegations set forth in paragraphs 1-47 above.

49.     Defendant willfully and unlawfully subjected Plaintiff to harmful and offensive contact by hugging her and kissing her forehead against her will.

50.     Defendant's conduct was intentional, constituting battery pursuant to Nev. Rev. Stat. § 200.481 and other applicable statutes or common law.

51.     As a result of Defendant's actions, Plaintiff has suffered, is suffering, and will continue to suffer injuries, including, but not limited to, mental pain and suffering, severe emotional distress, and other damages, in an amount subject to proof, and Plaintiff is entitled to

declaratory relief against Defendant, attorney's fees and costs, and monetary, compensatory, and punitive damages, including prejudgment interest.

**SECOND CAUSE OF ACTION**

**ASSAULT**

52.    Plaintiff realleges and herein incorporates by reference the allegations set forth in paragraphs 1-51 above.

53.    Defendant intended to cause harmful or offensive physical contact with Plaintiff when he hugged her and kissed her forehead against her will.

54.    Plaintiff did not consent to Defendant's contact and tried both physically and verbally to stop his harmful and offensive contact.

55.    Plaintiff was placed in apprehension of the harmful or offensive contact when she felt fear and apprehension that Defendant would make sexual advances against her will.

56.    As a result of Defendant's actions, Plaintiff has suffered, is suffering, and will continue to suffer injuries, including, but not limited to mental pain and suffering, severe emotional distress, and other damages in an amount subject to proof, and Plaintiff is entitled to declaratory relief against Defendant, attorney's fees and costs, and monetary, compensatory, and punitive damages, including prejudgment interest.

**THIRD CAUSE OF ACTION**

**FALSE IMPRISONMENT**

57.    Plaintiff realleges and herein incorporates by reference the allegations set forth in paragraphs 1-56 above.

58.     Defendant intended to confine Plaintiff by trapping her with his chair and body and refusing to allow her to leave the area until she committed to a hug and kiss on the forehead against her will.

59.     Defendant's confinement of Plaintiff was against Plaintiff's will and violated her right to be free from restraint of movement.

60.     Plaintiff was aware of the confined area created by Defendant's actions.

61.     As a result of Defendant's actions, Plaintiff has suffered, is suffering, and will continue to suffer injuries, including, but not limited to, mental pain and suffering, severe emotional distress, and other damages, in an amount subject to proof, and Plaintiff is entitled to declaratory relief against Defendant, attorney's fees and costs, and monetary, compensatory, and punitive damages, including prejudgment interest.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.     Plaintiff realleges and herein incorporates by reference the allegations set forth in paragraphs 1-61 above.

63.     Defendant demonstrated extreme and outrageous conduct when he trapped Plaintiff with his chair and body and refusing to allow her to leave the area until she committed to a hug and kiss on the forehead against her will.

64.     Defendant acted with either the intention of, or with reckless disregard for, the emotional distress that attempted sexual assault would cause Plaintiff to suffer.

65.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, is suffering, and will continue to suffer injuries, including, but not limited to, mental pain and suffering, severe emotional distress, and other damages, in an amount subject to proof, and

Plaintiff is entitled to declaratory relief against Defendant, attorney's fees and costs, and

monetary, compensatory, and punitive damages, including prejudgment interest.

### FIFTH CAUSE OF ACTION

### NEGLIGENCE

66.     Plaintiff realleges and herein incorporates by reference the allegations set forth in

paragraphs 1-65 above.

67.     Defendant owed a duty of care to Plaintiff to not subject her to battery, assault, or

false imprisonment.

68.     The actions of Defendant breached that duty of care to Plaintiff.

69.     Defendant's breach of that duty caused Plaintiff's injuries, as Plaintiff did not

consent to battery, assault, or false imprisonment.

70.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, is

suffering, and will continue to suffer injuries, including, but not limited to, mental pain and

suffering, severe emotional distress, and other damages, in an amount subject to proof, and

Plaintiff is entitled to declaratory relief against Defendant, attorney's fees and costs, and

monetary, compensatory, and punitive damages, including prejudgment interest.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JANE DOE respectfully prays that this Court grant her the

following:

A. A trial by jury on all appropriate issues;

B. Judgment against Defendant for:

1. Prejudgment interest;

2. All compensatory damages allowable under law;

-9-

3. Punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to others not to engage in such conduct;

4. An additional amount to account for additional taxes Plaintiff may be called upon to pay in relation to any award made herein; and

5. The costs of this action together with reasonable attorney's fees and costs.

C. For declaratory relief making clear that the actions of Defendant are not in compliance with the letter and spirit of the laws of Nevada;

D. For such other and further relief as the Cort shall deem just and proper.

DATED this 27th day of July, 2024.

HOLMAN LAW OFFICE

*/s/ Kristina S. Holman*
Kristina S. Holman Bar# 3742
8725 S. Eastern Ave., Suite 215
Las Vegas, Nevada 89123
 Tel: (702) 614-4777
Fax: (702) 990-8681
Email: kholman@kristinaholman.com
*Attorney for Plaintiff Jane Doe*

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

**EXHIBIT B**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Electronically Filed
7/27/2024 7:23 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
**HOLMAN LAW OFFICE**
Kristina S. Holman SBN3742
8275 S. Eastern Ave., #215
Las Vegas, NV 89123
Tel: 702-614-4777
Fax: 702-990-8681
Email: kholman@kristinaholman.com
*Attorney for Plaintiff, Jane Doe*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JANE DOE, individually,

        Plaintiff,

    -vs-

JACK JUAN, an individual, DOES I
through X; ROE corporations I through X,
inclusive,

        Defendants.

CASE NO. _____

DEPT. NO. _____

**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are

submitted for parties appearing in the above-entitled action as indicated below:

| New Complaint Fee | 1st Appearance Fee |
|---|---|
| ☐ $1530 ☐ $520 ☐ $299 ☒ $270.00 | ☐ $1483.00 ☐ $473.00 ☐ $223.00 |

Name: Jane Doe

| | |
|---|---|
| | ☐ $30 |
| | ☐ $30 |
| | ☐ $30 |
| | ☐ $30 |
| ☐ Total of Continuation Sheet Attached | ☐ $_____ |
| TOTAL REMITTED: (Required)    Total Paid | $ 270 |

DATED this 27 day of July, 2024.

        */s/ Kristina S. Holman*
        Kristina S. Holman

Initial Appearance Fee Disclosure.07.27.2024/7/27/2024

EXHIBIT C

EXHIBIT C

Electronically Filed
12/17/2024 3:43 PM

CLERK OF THE COURT

1  **OSC**

2

3                          DISTRICT COURT

4                     CLARK COUNTY, NEVADA

5   JANE DOE, individually,                    )
                                               )
6   Plaintiff,                                 )   CASE NO. A-24-898544-C
                                               )
7   vs.                                        )   DEPT NO.  II
                                               )
8                                              )
    JACK JUAN, an individual; DOES I through   )
9   X; ROE corporations I through X, inclusive.)
                                               )
10                                             )
    Defendants.                                )
11  _____)

12               **ORDER TO SHOW CAUSE - DISMISSAL**

13  TO:    Counsel/Parties,

14         YOU ARE HEREBY ORDERED TO APPEAR in **District Court, Department 2,**

15  **Courtroom 12 B on January 9, 2025, at 9:00 a.m.**, and show cause why this matter should not be

16  dismissed pursuant to EDCR 1.90(d) and/or 2.90.

17         **ZOOM LINK:**

18         **https://clarkcountycourts-**

19  **us.zoom.us/j/87942568430?pwd=ekJhc0d0SEphdHZnMW10bEFkVUZpZz09**

20

21

22

23                                              Dated this 17th day of December, 2024

24

25

26                                              9C5 40E 5746 1B42
                                                **Carli Kierny**
27                                              **District Court Judge**

28

1  **CSERV**

2

3                          DISTRICT COURT
                        CLARK COUNTY, NEVADA

4

5

6      Jane Doe, Plaintiff(s)              CASE NO: A-24-898544-C

7      vs.                                 DEPT. NO.  Department 2

8      Jack Juan, Defendant(s)

9

10              **AUTOMATED CERTIFICATE OF SERVICE**

11          This automated certificate of service was generated by the Eighth Judicial District
    Court. The foregoing Order to Show Cause was served via the court's electronic eFile system
12  to all recipients registered for e-Service on the above entitled case as listed below:

13  Service Date: 12/17/2024

14

15  Kristina Holman                kholman@kristinaholman.com

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D

EXHIBIT D

Electronically Filed
12/20/2024 10:39 AM
Steven D. Grierson
CLERK OF THE COURT

**SUBT**
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff Jane Doe*

## EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE DOE, individually, | Case No.: A-24-898544-C |
| Plaintiff, | Dept. No.: II |
| vs. | **SUBSTITUTION OF COUNSEL** |
| JACK JUAN, an individual; DOES I through X; ROE corporations I through X, inclusive. | |
| Defendants. | |

Plaintiff Jane Doe hereby substitutes Margaret A. McLetchie and Leo S. Wolpert of the firm McLetchie Law, as her attorneys in the above-entitled action in place and stead of Kristina S. Holman of Holman Law Office.

DATED this the 20th day of December, 2024.

*/s/ Jane Doe*
By: Plaintiff Jane Doe

I hereby consent to the substitution of Margaret A. McLetchie and Leo S. Wolpert of the law firm McLetchie Law, as attorney for Plaintiff Jane Doe in the above-entitled action in place and stead of Kristina S. Holman of Holman Law Office.

DATED this the 20th day of December, 2024.

*/s/ Kristina S. Holman*
Kristina S. Holman, SBN No. 3742
HOLMAN LAW OFFICE

1

8275 S. Eastern Ave., Suite 215
Las Vegas, NV 89123
Tel: (702) 614-4777
Fax: (702) 990-8681
Email: kholman@kristinaholman.com
*Counsel Plaintiff Jane Doe*

I hereby agree to be substituted in place and stead of Kristina S. Holman of Holman Law Office in the above-entitled action as attorney for Plaintiff Jane Doe.

DATED this the 20th day of December, 2024.

*/s/ Margaret A. McLetchie*
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
*Counsel for Plaintiff Jane Doe*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2024, pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, I did cause a true copy of the foregoing SUBSTITUTION OF COUNSEL in the above captioned matter, Case No. A-24-898544-C, to be filed and served via using Odyssey File & Serve's electronic court filing system, to all parties with an email address on record.

*/s/ Leo S. Wolpert*
EMPLOYEE of McLetchie Law

EXHIBIT E

EXHIBIT E

Electronically Filed
12/24/2024 4:40 PM
Steven D. Grierson
CLERK OF THE COURT

1 **MTEX**
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
2 LEO S. WOLPERT, Nevada Bar No. 12658
3 **MCLETCHIE LAW**
602 South Tenth Street
4 Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax (702) 425-8220
5 Email: maggie@nvlitigation.com
6 *Counsel for Plaintiff Jane Doe*

7 **EIGHTH JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**
8

9 JANE DOE, individually,                          Case No.: A-24-898544-C

10                 Plaintiff,                       Dept. No.: II

11 vs.                                              **PLAINTIFF'S MOTION TO**
                                                    **EXTEND TIME TO SERVE**
12 JACK   JUAN,  an  individual;  DOES  I           **COMPLAINT**
13 through X; ROE corporations I through X,
inclusive.                                          **(FIRST REQUEST)**
14
15                 Defendants.                      **HEARING REQUESTED**
16

17          Plaintiff JANE DOE[1], by and through the undersigned counsel of record, hereby moves

18 this Court for an order enlarging the time for service of Summons and Complaint upon Defendants

19 for thirty-five (35) days from the previous deadline, up to and including December 30, 2024. This

20 Motion is based upon the memorandum of points and authorities contained herein, the pleadings

21 and papers of file, the attached exhibits, and any oral argument which may be considered by this

22 Court.

23 ///

24 ///

25 ///

26 ///

27 ──────────────────────────

28 [1] Plaintiff is Ms. Jacqueline Nichols, who will soon file an amended complaint to, *inter alia,*
include her name.

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff filed her Complaint on July 27, 2024. Thus, under NRCP 4(e)(1), the deadline to serve Defendants was November 25, 2024.[2] Plaintiff moves this Court for additional time to serve the Complaint based on the extenuating circumstances. As demonstrated by the declarations of Plaintiff and counsel, good cause exists for both the failure to move for an extension on or before November 25, 2024, and for granting a brief extension to serve Defendants. Good cause (and excusable neglect) exist due to a multitude of unexpected illnesses, injuries, and technological issues which befell both Plaintiff and her former counsel. Because on balance, the relevant factors militate toward granting Plaintiff relief, the Court should grant the instant motion.

### II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff was previously represented by Kristina Holman. Plaintiff provided a copy of the Complaint to her prior firm (and the prior firm that Defendant was a partner of when he abused Ms. Nichols). Plaintiff has reason to believe her prior firm shared the Complaint with Mr. Juan some time ago and that he has long been on notice of the instant lawsuit. (Plaintiff Decl., ¶¶ 9-12.)

Plaintiff, while an attorney herself, does not represent herself in this matter and understandably depended on her former counsel, Ms. Holman, to obtain a summons and serve the Complaint. (Plaintiff Decl., ¶ 23.) Despite exchanging messages with Ms. Holman indicating that Plaintiff wished to proceed in this matter, Ms. Holman failed to do so. (Plaintiff Decl., ¶¶ 13-14, 20-22.)

Specifically, the undersigned was informed that Ms. Holman, was undergoing treatment at Comprehensive Cancer Centers of America which required lab tests, scans, and appointments. (McLetchie Decl., ¶ 5(a).)    Additionally, Ms. Holman recently required surgery to repair an umbilical hernia, which required an out-of-state medical visit in August 2024 and then out-of-state surgery on October 14, 2024. (McLetchie Decl., ¶ 5(b).) Ms. Holman was not permitted to

---

[2] 120 days after July 27, 2024, was Sunday, November 24, 2024, so the deadline was the following business day. *See* NRCP 6(a)(1)(c).

1   travel after that surgery for several days, which she had not anticipated. (McLetchie Decl., ¶ 5(c).)

2   This surgery also required more recovery time for symptoms such as pain and extreme exhaustion

3   such that Ms. Holman was not quite ambulatory—let alone able to perform legal work—for

4   several days. (McLetchie Decl., ¶ 5(d).)

5         After the October 14, 2024, surgery, Ms. Holman remained out-of-state but the recovery

6   after her return to Las Vegas was unexpectedly slow (especially with pain and exhaustion).

7   (McLetchie Decl., ¶ 5(e).)  Beginning around October 30, 2024, Ms. Holman had an office

8   technology issue as well.  Her law office took possession of her domain name, to which she was

9   advised that the transfer would be completed within one hour. (McLetchie Decl., ¶ 5(f).)

10  Unfortunately, after discussing and attempting to solve this issue, it instead took several days

11  during which Ms. Holman's emails were all being returned (bounced back) to their senders.

12  (McLetchie Decl., ¶ 5(g).) This issue was finally resolved in late November. (McLetchie Decl., ¶

13  5(h).)

14        Thus, while Plaintiff relied upon her prior counsel to move the case forward by serving

15  the summons and complaint, and believed that prior her counsel would do so (Plaintiff Decl., ¶

16  23), Ms. Holman did not do so.

17        Extenuating circumstances befell Plaintiff as well. In August, Plaintiff was involved in a

18  car accident which impeded her ability to participate in the litigation of this matter. (Plaintiff

19  Decl., ¶ 14.) Additionally, as Plaintiff was changing jobs due to the conduct alleged in her

20  Complaint, she was extremely busy in August and September 2024 attempting to obtain records,

21  documents, and information related to cases that transferred with her to her new place of

22  employment. (Plaintiff Decl., ¶ 16.)

23        Accordingly, to resolve the issues, the undersigned were retained to represent Plaintiff on

24  or about December 13, 2024. (Plaintiff Decl., ¶ 24; McLetchie Decl., ¶¶ 2, 6.) Notice of

25  substitution of counsel and a request for summons were filed on December 20, 2024.  (McLetchie

26  Decl., ¶ 7.)

27        Since that date, the undersigned has worked diligently to address the issues. On December

28  23, 2024, an employee of McLetchie Law attempted to serve Defendant at his workplace.

1    (McLetchie Decl., ¶ 8.) Defendant's secretary refused to accept service, claimed that Defendant

2    was not in the office, and suggested that he try again after the holidays. (McLetchie Decl., ¶ 9.)

3    On December 24, 2024, McLetchie Law attempted to retain a process server on a rush basis to

4    attempt service what is believed to be Defendant's home address. (McLetchie Decl., ¶¶ 10-11.)

5    **III.    LEGAL ARGUMENT**

6           Service of the complaint and summons should generally occur within 120 days of filing

7    of the complaint. NRCP 4(e)(1). As noted above, service was presumptively due on November

8    25, 2024. However,

9           If a plaintiff files a motion for an extension of time after the 120-day service
            period—or any extension thereof—expires, the court must first determine whether
10          good cause exists for the plaintiff's failure to timely file the motion for an extension
            before the court considers whether good cause exists for granting an extension of
11          the service period. If the plaintiff shows that good cause exists for the plaintiff's
            failure to timely file the motion and for granting an extension of the service period,
12          the court must extend the time for service and set a reasonable date by which service
            should be made.
13

14   NRCP 4(e)(4). *See also* NRCP 6(b)(1)(B)(ii) (permitting the Court to, for good cause, extend the

15   time … "on motion made after the time has expired if the party failed to act because of excusable

16   neglect.")[3]; *see also* EDCR 2.25(a) ("A request for extension made after the expiration of the

17   specified period shall not be granted unless the moving party, attorney or other person

18   demonstrates that the failure to act was the result of excusable neglect."). Here, both good cause

19   and excusable neglect exist, and this Court should therefore grant the instant motion.

20        **A.  Good Cause and Excusable Neglect Exist for Failure to Timely File the Motion for**

21             **an Extension.**

22          NRCP 4(e)(4) "creates a threshold question for the district court, requiring it to first

23   evaluate whether good cause exists for a party's failure to file a timely motion seeking

24   enlargement of time." *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 596-97, 245

25   P.3d 1198, 1201 (2010). The factors the court should consider are:

26

27   _____

28   [3] "NRCP 6(b)(2) applies to most acts required by the rules of civil procedure unless they are
     specifically excluded." *Moseley v. Eighth Judicial Dist. Court of Nev.*, 124 Nev. 654, 662, 188
     P.3d 1136, 1142 (2008).

1  those that would impede the plaintiff's attempts at service and, in turn, could result
2  in the filing of an untimely motion to enlarge the time to serve the defendant with
   process: "(2) the defendant's efforts at evading service or concealment of improper
3  service until after the 120-day period has elapsed, (3) the plaintiff's diligence in
   attempting to serve the defendant, . . . and (9) the defendant's knowledge of the
4  existence of the lawsuit."

5  *Id.* at 597, 1201 (quoting *Scrimer v. District Court*, 116 Nev. 507, 516, 998 P.2d 1190, 1196

6  (2000)). These factors are not exhaustive, and "any additional factors the district court considers

7  should similarly relate to difficulties encountered by a party in attempting service that

8  demonstrate good cause for filing a tardy motion because the purpose of NRCP 4(i) is to

9  encourage prompt litigation of disputes." *Saavedra-Sandoval*, 126 Nev. at 597, 245 P.3d at 1201.

10 *See also* NRCP 1 (mandating the rules "be construed, administered, and employed by the court

11 and the parties to secure the just, speedy, and inexpensive determination of every action and

12 proceeding").

13            **1.  Excusable Neglect.**

14       As this Court has held,

15       The meaning of the term excusable neglect appears well settled. For example,
         Black's Law Dictionary defines "excusable neglect" as follows: A failure—which
16       the law will excuse—to take some proper step at the proper time (esp. in neglecting
         to answer a lawsuit) not because of the party's own carelessness, inattention, or
17       willful disregard of the court's process, but because of some unexpected or
         unavoidable hindrance or accident or because of reliance on the care and vigilance
18       of the party's counsel or on a promise made by the adverse party.
19
20 *Clark v. Coast Hotels & Casinos, Inc.*, 130 Nev. 1164 (2014) (citing Black's Law Dictionary

21 1133 (9th ed. 2009). The excusable neglect inquiry "is at bottom an equitable one, taking account

22 of all relevant circumstances surrounding the party's omission" including "the danger of prejudice

23 [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the

24 delay, including whether it was within the reasonable control of the movant, and whether the

25 movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

26 395, 113 S. Ct. 1489, 1498 (1993)

27       Here, Plaintiff's failure to timely move to extend the time period for service of the

28 complaint is due to unexpected and unavoidable accidents, as well as reliance on the care and

   vigilance of Plaintiff's former counsel, who was facing personal health issues. Although Nevada

Appellate Courts have not had occasion to address this issue, several other courts have found that illness of counsel and other unexpected medical issues constitute excusable neglect. *See, e.g., Trimble v. La. State Univ. Sys.*, No. 22-351-SDD-RLB, 2024 U.S. Dist. LEXIS 63902, at *7 (M.D. La. Mar. 13, 2024) (finding excusable neglect in filing answer 1.5 years after service of complaint where defendant's counsel "suffered a severe injury" approximately one year before answer was eventually filed); *Halvonik v. Doll*, 263 F.R.D. 13, 16-17 (D.D.C. 2009) (medical emergency that was beyond Plaintiff's reasonable control constituted excusable neglect for untimely filing of proof of service); *Cates v. Cates*, No. S-18323, 2024 Alas. LEXIS 81, at *7 n.5 (Aug. 21, 2024) (quoting *Rapoport v. Tesoro Alaska Petroleum Co.*, 790 P.2d 1374, 1377 (Alaska 1990)) ("[g]enuine and severe medical disability generally suffices as excusable neglect"); *Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) (counsel's unexpected cancer diagnosis and resulting treatment "readily satisfies the above standard for excusable neglect"). *Cf. United States v. Oguntuyi*, No. 1:20-cr-00285-JRR, 2024 U.S. Dist. LEXIS 85616, at *10 n.4 (D. Md. May 13, 2024) (in some cases "[c]onfusion or miscommunication between attorney and client in a criminal case can constitute excusable neglect" in context of untimely notice of appeal); *Compare Finlinson v. Safeco Ins. Co. of Am.*, No. 2:20-cv-00742-DBB-CMR, 2023 U.S. Dist. LEXIS 7217, at *18 (D. Utah Jan. 13, 2023) (no excusable neglect where disclosure made seven months late and "medical issues involving Plaintiffs' counsel and his staff began several weeks after the expiration" of the subject deadline).

These unfortunate, unavoidable hinderances have combined to prevent Plaintiff and her prior counsel from effectuating service or moving to extend the service deadline before it expired. Thus, excusable neglect for failure to timely file the instant motion exists.

### 2. Good Cause.

While there is no evidence that Defendant has evaded service or knew of the existence of this lawsuit[4], this Court must look to "additional factors the district court considers should

---

4 Given that his conduct led to his investigation, expulsion from his business, and the imposition of a protocol to prevent him from simultaneously being in the office with Plaintiff—which he

1  similarly relate to difficulties encountered by a party in attempting service that demonstrate good

2  cause for filing a tardy motion." *Saavedra-Sandoval*, 126 Nev. at 597, 245 P.3d at 1201. As

3  explained above, Plaintiff's and her former counsel's medical issues are difficulties encountered

4  in attempting service.

5  **B.  Good Cause Exists for Granting an Extension of the Service Period.**

6  Appropriate considerations for determining whether good cause exists to extend the

7  deadline for service include:

> (1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel, (5) the running of the applicable statute of limitations, (6) the parties' good faith attempts to settle the litigation during the 120-day period, (7) the lapse of time between the end of the 120-day period and the actual service of process on the defendant, (8) the prejudice to the defendant caused by the plaintiff's delay in serving process, (9) the defendant's knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court.

*Scrimer*, 116 Nev. at 516, 998 P.2d at 1195-96. Additionally, when "making a determination under NRCP [4(e)], the district court should recognize that 'good public policy dictates that cases be adjudicated on their merits.'" *Id.* at 517, 1196 (quoting *Kahn v. Orme*, 108 Nev. 510, 516, 835 P.2d 790, 794 (1992)).

As noted above, Plaintiff's former counsel encountered myriad difficulties in effectuating service (and completing other legal tasks) due to her and Plaintiff's extensive medical problems between August and October. Thus, factor four weighs in Plaintiff's factor.

The fifth factor—the running of the applicable statute of limitations—also favors Plaintiff. Here, Plaintiff filed the complaint on July 27, 2024—one day before the statute of limitations ran for claims arising from Defendant's July 28, 2022, conduct. *See* NRS 11.090(4)(c); NRS 11.090(4)(e). As a federal court interpreting Nevada law has held, where Plaintiff filed a complaint on the last possible day to avoid the running of the statute of limitations, "Plaintiff

---

violated—Defendant should have been on notice that he was subject to a lawsuit. (*See* Complaint, ¶¶ 36 – 44.) Furthermore, Plaintiff circulated a copy of the Complaint to the Managing Partner and President of her former firm, which was shared with other shareholders including Defendant. (Plaintiff Decl., ¶¶ 9-12.)

1  would be extremely prejudiced were the Court to dismiss his claim" as such a dismissal would be

2  "effectively with prejudice, since the statute of limitations ha[s] run." *See Dillon v. W. Publ'g*

3  *Corp.*, No. 3:03-cv-00203-RCJ-WGC, 2012 U.S. Dist. LEXIS 81038, at *12 (D. Nev. June 12,

4  2012) (quoting *Scrimer*, 998 P.2d at 1195). Thus would, in turn, violate the "good public policy

5  that dictates that cases be adjudicated on their merits." *Id.* (quoting *Scrimer*, 998 P.2d at 1196).

6  Thus, this factor heavily weighs in Plaintiff's favor.

7      Additionally, very little time will have lapsed between the end of the 120-period and the

8  actual service of process on Defendant. Here, if service is effectuated before December 30, 2024,

9  fewer than 35 days will have elapsed between the end of the service period. This is far less time

10 than in other instances where Nevada courts have denied extension of the service deadline.

11 *Compare Saavedra-Sandoval*, 126 Nev. at 598, 245 P.3d at 1202 (over one year after expiration

12 of the 120-day deadline); *Sabater v. Razmy*, 538 P.3d 1145, 1148 (Nev. 2023) (plaintiff did not

13 request an extension of time for service until 147 days after the period for service had closed);

14 *Zanganeh v. Life Is Beautiful, LLC*, 2024 Nev. App. Unpub. LEXIS 418 (Nev. Ct. App., Aug. 23,

15 2024) (application to extend denied where it was filed 14 months after expiration and in

16 contravention of district court's scheduling orders); *Dillon*, 2012 U.S. Dist. LEXIS 81038, at *15

17 (applying Nevada law, denying service made 453 days after the expiration of the 120-day period).

18 Thus, the seventh *Scrimer* factor heavily weighs in Plaintiff's favor.

19     For similar reasons, the eighth and ninth *Scrimer* factors—prejudice to Defendant and

20 notice of the lawsuit—also weigh in Plaintiff's favor. As noted *supra*, there is little doubt that

21 Defendant was on notice that his conduct constituted tortious behavior and that Plaintiff had filed

22 the Complaint. (Plaintiff Decl., ¶¶ 9-12.) And Defendant cannot point to any prejudice to him

23 other than avoiding adjudication of this matter on the merits.

24     Finally, the district court has not previously extended the time for service in the instant

25 matter, which weighs in Plaintiff's favor under the tenth *Scrimer* factor. *Compare Cervantes-*

26 *Guevara v. Eighth Judicial Dist. Court*, 505 P.3d 393, 398 (Nev. 2022) (affirming denial of

27 second motion to extend time filed 55 days after already-extended service deadline expired).

28

1    Thus, on balance, the *Scrimer* factors weigh in favor of finding good cause to permit Plaintiff to

2    extend the service deadline.

3    **IV.    <u>CONCLUSION</u>**

4         Due to unfortunate, unforeseen circumstances befalling both her and Plaintiff, Plaintiff's

5    former counsel failed to serve Defendant or timely move for an extension of the service period.

6    Plaintiff rapidly retained the undersigned in an attempt to move this matter forward in compliance

7    with the spirit of NRCP 4(e). Because both excusable neglect and good cause exist, this Court

8    should extend the service period under NRCP 4(e)(4) and NRCP 6(b)(2).

9

10   DATED: December 24, 2024.

11

12                                          */s/ Margaret A. McLetchie*
                                          MARGARET A. MCLETCHIE, Nevada Bar No. 10931
13                                          LEO S. WOLPERT, Nevada Bar No. 12658
                                          **MCLETCHIE LAW**
14                                          602 South Tenth Street
                                          Las Vegas, NV 89101
15                                          Telephone: (702) 728-5300; Fax (702) 425-8220
                                          Email: maggie@nvlitigation.com
16                                          *Counsel for Plaintiff Jane Doe*

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of December, 2024, pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, I did cause a true copy of the foregoing MOTION TO EXTEND TIME TO SERVE COMPLAINT in the above captioned matter, Case No. A-24-898544-C, to be filed and served via using Odyssey File & Serve's electronic court filing system, to all parties with an email address on record.

*/s/ Leo S. Wolpert*
EMPLOYEE of McLetchie Law

-10-

## DECLARATION OF PLAINTIFF IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT

I, JACQUELINE NICHOLS, declare, pursuant to Nev. Rev. Stat. § 53.330, as follows:

1.    I have personal knowledge of the facts set forth below, and, if called as a witness, could testify to them.

2.    I am the Plaintiff in the matter of *Jane Doe v. Jack Juan*, Case No. A-24-898544-C.

3.    This Declaration is in support of Plaintiff's Motion to Extend Time to Serve Plaintiff's Complaint.

4.    The facts herein are stated to show good cause and excusable neglect for an extension to time to serve Plaintiff's Complaint.

5.    I initially retained Kristina Holman in July 2024 to file this Complaint.

6.    As I am also a practicing attorney, I assisted her in the drafting of the complaint, revising it, and approved of its filing.

7.    During the time period after filing the complaint, I remained employed by Marquis Aurbach, the company Defendant also worked for as alleged in the Complaint.

8.    However, I continued to look for employment elsewhere, in part, due to the damages and harm caused by Defendant.

9.    Upon my departure from Marquis Aurbach, I advised the Managing Partner and President, of the lawsuit filed against Defendant and provided her with a copy of the filed Complaint.

10.    It is my understanding that the filing of the lawsuit and a copy of the filed Complaint was shared amongst other Shareholders within the firm.

11.    It is also my understanding that Defendant became aware of the lawsuit and the allegations asserted in the Complaint by Shareholder(s) at Marquis Aurbach.

12.    Upon information and belief, Defendant has either seen or was provided a copy of the Amended Complaint.

1

13.     On August 10, 13 and August 20, 2024, Ms. Holman contacted me and left messages requesting that I contact her as to how to proceed. On August 20, 2024, she sent an email to me inquiring as to how I would like to proceed in my matter.

14.     I contacted Ms. Holman to advise her that I had been involved in a car accident which had required time from my schedule and impaired my ability to participate in the litigation of my case.

15.     I have since found other employment, but remained concerned about retaliation from previous co-workers.

16.     Additionally, throughout August and September, I was attempting to obtain records, documents, and information related to cases that transferred with me to my new place of employment from my previous firm.

17.     As such, I continued to remain in fear of retaliation, due to both the lawsuit and my departure, that would affect my ongoing cases and reputation with the client(s) that I transferred to my new place of employment.

18.     In late September, I also learned that the Defendant had returned to Marquis Aurbach for a visit and was able to freely peruse the entire building and was seen going into multiple Shareholders' offices.

19.     This further added to my concern of retaliation and emotional distress, including panic attacks and anxiety, related to the lawsuit and reputation as an attorney in this community.

20.     As a result of my departure, I advised Ms. Holman that I would prepare the motion to amend the complaint to release the name of the "Jane Doe."

21.     On November 13, 2024, I emailed Ms. Holman advising that I would still like to move forward with the litigation.

22.     I did not receive a response from Ms. Holman.

23.     While I did not prepare an Amended Complaint, I, as a licensed attorney, relied on Ms. Holman to move the case forward, including obtaining a summons and serving a copy of the Summons and the Complaint as these are initial steps in a lawsuit not driven

2

by the client. I believed that Ms. Holman had accurately calendared the service deadline and would effectuate service (or move to extend the deadline) before it became due.

24.    After I learned that a summons was never requested and the Defendant had not been served, I contacted Maggie McLetchie of McLetchie Law and requested to retain her as my attorney in this case.

25.    I respectfully request that this Court grant Plaintiff's motion for an extension of time to serve Plaintiff's complaint.

DATED this 24th day of December, 2024.

/s/ Jacqueline Nichols
Jacqueline Nichols

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

3

**DECLARATION OF MARGARET A. MCLETCHIE IN SUPPORT OF**

**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT**

I, MARGARET A. MCLETCHIE, declare, pursuant to Nev. Rev. Stat. § 53.330, as follows:

1.     I have personal knowledge of the facts set forth below, and, if called as a witness, could testify to them.

2.     As of December 13, 2024, I am now counsel for Plaintiff in the matter of *Jane Doe v. Jack Juan*, Case No. A-24-898544-C.

3.     This Declaration is in support of Plaintiff's Motion to Extend Time to Serve Plaintiff's Complaint.

4.     The facts herein are stated to show good cause and excusable neglect for an extension to time to serve Plaintiff's Complaint.

5.     In substituting for Plaintiff's prior counsel, Kristina Holman, I obtained information from prior counsel regarding her failure to timely move for an extension of the service deadline in this matter, including the following:

    a.  Around the filing the complaint in this matter, Plaintiff's prior counsel was undergoing treatment at Comprehensive Cancer Centers of America which required lab tests, scans, and appointments.

    b.  Additionally, Ms. Holman required surgery to repair an umbilical hernia, which required an out-of-state medical visit in August 2024 and then out-of-state surgery on October 14, 2024.

    c.  Ms. Holman was not permitted to travel after that surgery for several days, which she had not anticipated.

    d.  This surgery also required more recovery time for symptoms such as pain and extreme exhaustion such that Ms. Holman was not quite ambulatory—let alone able to perform legal work—for several days.

    e.  After the October 14, 2024, surgery, Ms. Holman remained out-of-state but the recovery after her return to Las Vegas was unexpectedly slow

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702) 728-5300 (T) / (702) 425-8220 (F)
WWW.NVLITIGATION.COM

1

(especially with pain and exhaustion).

f.  Beginning around October 30, 2024, Ms. Holman had an office technology issue as well. Her law office took possession of her domain name, to which she was advised that the transfer would be completed within one hour.

g.  Unfortunately, after discussing and attempting to solve this issue, it instead took several days during which Ms. Holman's emails were all being returned (bounced back) to their senders.

h.  This issue was finally resolved in late November.

6.  After Plaintiff discovered that her complaint had not been served, she retained me to represent her in this matter and decided to terminate Ms. Holman's services.

7.  I and my firm submitted a notice of substitution and request for summons to the Court on December 20, 2024.

8.  On December 23, 2024, an employee of McLetchie Law, James Griffin, attempted to serve Defendant at his workplace.

9.  Mr. Griffin advised me that Defendant's secretary refused to accept service, claimed that Defendant was not in the office, and suggested that he try again after the holidays.

10.  I have endeavored to identify Mr. Juan's home address.

11.  At my direction, on December 24, 2024, McLetchie Law attempted to retain a process server on a rush basis to attempt service on what is believed to be Defendant's home address.

DATED this 24th day of December, 2024.


/s/ Margaret A. McLetchie
Margaret A. McLetchie

2

1    EXHIBIT F

23    EXHIBIT F

Electronically Filed
12/26/2024 8:31 AM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
**\*\*\*\***

| | |
|---|---|
| Jane Doe, Plaintiff(s) | Case No.:   A-24-898544-C |
| vs. | |
| Jack Juan, Defendant(s) | Department 2 |

### ˙CLERK'S NOTICE OF HEARING

    Please be advised that the Plaintiff's Motion to Extend Time to Serve Complaint in the above-entitled matter is set for hearing as follows:

**Date:**       January 27, 2025

**Time:**       Chambers

**Location:**   Chambers
              Regional Justice Center
              200 Lewis Ave.
              Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

                    STEVEN D. GRIERSON, CEO/Clerk of the Court


              By:   /s/ Tamara Jones
                    Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.


              By:   /s/ Tamara Jones
                    Deputy Clerk of the Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT G

EXHIBIT G

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Electronically Filed
1/2/2025 7:17 PM
Steven D. Grierson
CLERK OF THE COURT

1  **RSPN**
   MARGARET A. MCLETCHIE, Nevada Bar No. 10931
2  LEO S. WOLPERT, Nevada Bar No. 12658
3  **MCLETCHIE LAW**
   602 South Tenth Street
4  Las Vegas, NV 89101
   Telephone: (702) 728-5300; Fax (702) 425-8220
5  Email: maggie@nvlitigation.com
6  *Counsel for Plaintiff Jane Doe*

7                **EIGHTH JUDICIAL DISTRICT COURT**
                      **CLARK COUNTY, NEVADA**
8

9  | JANE DOE, individually, | Case No.: A-24-898544-C |

10 |                         Plaintiff, | Dept. No.: II |

11 | vs. | **PLAINTIFF'S RESPONSE TO** |
12 | | **DECEMBER 17, 2024, ORDER TO** |
   | JACK JUAN, an individual; DOES I | **SHOW CAUSE** |
13 | through X; ROE corporations I through X, |  |
   | inclusive. | Hearing Date: January 9, 2025 |
14 | | Hearing Time: 9:00 a.m. |
15 |                         Defendants. | |

16

17         Plaintiff JANE DOE[1], by and through the undersigned counsel of record, hereby responds

18 to this Court's December 17, 2024, Order to Show Cause why this matter should not be dismissed

19 pursuant to EDCR 1.90(d) and/or 2.90. This response is based upon the memorandum of points

20 and authorities contained herein, the pleadings and papers of file, and the attached declaration of

21 counsel.

22

23

24

25

26

27

28 _____
   [1] Plaintiff is Ms. Jacqueline Nichols, who will soon file an amended complaint to, *inter alia,*
   include her name.

                                          -1-

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2      As argued in Plaintiff's December 24, 2024, Motion to Extend Time to Serve Complaint

3   (Dkt. No. 6)[2], good cause (and excusable neglect) exist to extend the service deadline in this

4   matter to December 30, 2024, due to a multitude of unexpected illnesses, injuries, and

5   technological issues which befell both Plaintiff and her former counsel.

6      Relevant to the Court's Order to Show Cause, the undersigned ordered rush service, and

7   has been informed that service was effectuated upon Defendant Jack Juan on December 30, 2024.

8   (McLetchie Decl., ¶¶ 4-5.) The undersigned will submit an affidavit of service as soon as possible.

9   (McLetchie Decl., ¶ 6.) As service has been effectuated upon Defendant, this demonstrates

10  adequate cause not to dismiss this matter.[3]

11  DATED: January 2, 2025.

12

13              */s/ Margaret A. McLetchie*
               MARGARET A. MCLETCHIE, Nevada Bar No. 10931

14             LEO S. WOLPERT, Nevada Bar No. 12658
               **MCLETCHIE LAW**

15             602 South Tenth Street
               Las Vegas, NV 89101

16             Telephone: (702) 728-5300; Fax (702) 425-8220
               Email: maggie@nvlitigation.com

17             *Counsel for Plaintiff Jane Doe*

18

19

20

21

22

23

24

25

26

27  [2] Plaintiff hereby incorporates by reference the Motion to Extend Time (Dkt. No. 6) into the instant

28  response.
    [3] Additionally, dismissal is not warranted under EDCR 2.90(a) as this matter was initiated less
    than 12 months ago, on July 27, 2024.

1    **DECLARATION OF MARGARET A. MCLETCHIE IN SUPPORT OF PLAINTIFF'S**
2    **RESPONSE TO ORDER TO SHOW CAUSE**

3    I, MARGARET A. MCLETCHIE, declare, pursuant to Nev. Rev. Stat. § 53.330, as
4    follows:

5    1.    I have personal knowledge of the facts set forth below, and, if called as a witness,
6    could testify to them.

7    2.    As of December 13, 2024, I am now counsel for Plaintiff in the matter of *Jane Doe*
8    *v. Jack Juan*, Case No. A-24-898544-C.

9    3.    This Declaration is in support of Plaintiff's Response to this Court's Order to Show
10   Cause why this matter should not be dismissed pursuant to EDCR 1.90(d) and 2.90.

11   4.    At my direction, on December 24, 2024, McLetchie Law attempted to retain a
12   process server on a rush basis to attempt service on what is believed to be Defendant's home
13   address.

14   5.    The process server informed me that service was effectuated upon Defendant on
15   December 30, 2024.

16   6.    I will submit an affidavit of service as soon as possible.

17

18   DATED this 2nd day of January, 2025.

19

20

21                                    */s/ Margaret A. McLetchie*
22                                    Margaret A. McLetchie

23

24

25

26

27

28

-3-

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 2nd day of January, 2025, pursuant to Administrative Order 14-

3    2 and N.E.F.C.R. 9, I did cause a true copy of the foregoing PLAINTIFF'S RESPONSE TO

4    DECEMBER 17, 2024, ORDER TO SHOW CAUSE in the above captioned matter, Case No. A-

5    24-898544-C, to be filed and served via using Odyssey File & Serve's electronic court filing

6    system, to all parties with an email address on record.

7

8

9                                                        */s/ Leo S. Wolpert*
                                                         EMPLOYEE of McLetchie Law
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

EXHIBIT H

EXHIBIT H

Electronically Filed
1/3/2025 5:44 PM
Steven D. Grierson
CLERK OF THE COURT

1  SUPPL
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
2  LEO S. WOLPERT, Nevada Bar No. 12658
3  **MCLETCHIE LAW**
602 South Tenth Street
4  Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax (702) 425-8220
5  Email: maggie@nvlitigation.com
6  *Counsel for Plaintiff Jane Doe*

7                 **EIGHTH JUDICIAL DISTRICT COURT**
                       **CLARK COUNTY, NEVADA**
8

9  JANE DOE, individually,                    Case No.: A-24-898544-C

10               Plaintiff,                    Dept. No.: II

11  vs.                                        **PLAINTIFF'S SUPPLEMENT TO**
                                               **MOTION TO EXTEND TIME FOR**
12  JACK JUAN, an individual; DOES I           **SERVICE AND RESPONSE TO**
13  through X; ROE corporations I through X,    **ORDER TO SHOW CAUSE**
    inclusive.
14
15               Defendants.
16

17        Plaintiff JANE DOE, by and through the undersigned counsel of record, hereby

18  supplements her Motion to Extend Time for Service (Dkt. No. 6) and her Response to this Court's

19  December 17, 2024, Order to Show Cause (Dkt. No. 8) with the attached declaration of Kristana

20  Holman, Esq.

21

22  DATED: January 3, 2025.

23

24                                  */s/ Leo S. Wolpert*
                                    MARGARET A. MCLETCHIE, Nevada Bar No. 10931
25                                  LEO S. WOLPERT, Nevada Bar No. 12658
                                    **MCLETCHIE LAW**
26                                  602 South Tenth Street
                                    Las Vegas, NV 89101
27                                  Telephone: (702) 728-5300; Fax (702) 425-8220
                                    Email: maggie@nvlitigation.com
28                                  *Counsel for Plaintiff Jane Doe*

                                    -1-

**Declaration of Kristina S. Holman in Support of Plaintiff's Response to December 17, 2024 Order to Show Cause**

I, Kristina S. Holman, state as follows:

1. I am a sole practitioner licensed to practice in the State of Nevada.

2. I represented the Plaintiff/Employee regarding the matter herein.

3. This Declaration is in support of Plaintiff's Response to December 17, 2024 Order to Show Casse due to unforeseen and unusual circumstances in this case.

4. The facts herein are stated to show good cause for an extension to time to serve Plaintiff's Complaint and to allow this litigation to continue.

5. I initially sought treatment at Comprehensive Cancer Centers of Nevada which requires periodic lab tests, scans, and appointments.

6. I had been also suffering from an umbilical hernia for a long period of time. This fall, it then came time to the point of scheduling that surgery, which involved a medical visit in August 2024, out-of-state, and then surgery out-of-state on October 14, 2024.

7. I contacted Plaintiff in August 2024, and had left messages, and later Plaintiff informed me that she had been in an automobile accident.

8. The umbilical hernia symptoms had increased with periodic pain. Finally, surgery was completed in October out-of-town. I was not permitted to travel after that surgery for several days, which had not been anticipated. This surgery also required more recovery time for symptoms such as pain and extreme exhaustion such that I was not even quite ambulatory for a few days.

9. I reduced my caseload in light of these additional issues that required time for blood tests on different days and further analysis and physician visits. The new issue based on blood tests in November 2024 caused concern. An immediate scheduling of a radiologic scan was done and was finally completed. Until then, there was concern

about the prognosis.  Due to the urgency involved in further testing, it was not even completed until just recently, December 1, 2024.   Just simply scheduling those recent tests required time.

10. After the 10/14/24 surgery, I remained out-of-state but the recovery after my return to Las Vegas was unexpectedly slow (especially with pain and exhaustion).  In light of these unanticipated events, I was unable to effectuate service at that time.

11. Beginning around October 30, 2024, I also had an office technology issue as well. My law office took possession of my domain name, to which I was advised that the transfer would be completed within one hour.  Unfortunately, after discussing and attempting to solve this issue, it instead took several days during which my emails were all being returned (bounced back) to their senders.  This issue was finally resolved in late November, and despite my efforts to resolve the issue, it required several hours of my own time, and then catching up with emails.  My clients, opposing counsel, and colleagues were concerned. But after retaining even more technological services to resolve the issue, I was finally able to resolve it by the end of November 2024.

12. I respectfully request that this Court grant Plaintiff's motion for an extension of time to serve Plaintiff's complaint.

Date: January 3, 2025.

By: _____
Kristina S. Holman

1

EXHIBIT I

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

EXHIBIT I

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# DISTRICT COURT
# CLARK COUNTY, NEVADA

**Intentional Misconduct**                **COURT MINUTES**                **January 08, 2025**

A-24-898544-C          Jane Doe, Plaintiff(s)
                       vs.
                       Jack Juan, Defendant(s)

**January 08, 2025**          **1:30 PM**          **Minute Order**

**HEARD BY:**  Kierny, Carli                **COURTROOM:**  Chambers

**COURT CLERK:**
              Jessica Sancen

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

### JOURNAL ENTRIES

- This matter is before the Court on 1/9/25 for an OSC: dismissal. Since the OSC was filed, Plaintiff has substituted in alternate counsel, filed a motion to extend time to serve, filed a response to the OSC, and provided proof of service that Defendant was actually served. As Plaintiff is diligently prosecuting her case, the court will VACATE the OSC hearing of 1/9/25. The Motion to Extend Time will be taken off calendar as it appears to be moot, given the successful service of Defendant.

CLERK'S NOTE: This Minute Order was electronically served by Courtroom Clerk, Jessica Sancen, to all registered parties for Odyssey File & Serve. JS 1/8/25

1              EXHIBIT J

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23              EXHIBIT J

24

25

26

27

28

Electronically Filed
1/8/2025 1:30 PM
Steven D. Grierson
CLERK OF THE COURT

1  **PSER**
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
2  LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
3  602 South Tenth Street
Las Vegas, NV 89101
4  Telephone: (702) 728-5300
Fax: (702) 425-8220
5  Email: maggie@nvlitigation.com
*Counsel for Plaintiff Jane Doe*
6

7

8                    **EIGHTH JUDICIAL DISTRICT COURT**
                        **CLARK COUNTY, NEVADA**
9

| | |
|---|---|
| JANE DOE, an individual, | **Case No.:** A-24-898544-C |
| Plaintiff, | **Dept. No.:** II |
| vs. | |
| JACK JUAN, an individual; DOES I through X; ROE corporations I through X, inclusive | **PROOF OF SERVICE** |
| Defendants. | |

18        PLEASE TAKE NOTICE that the Summons and Complaint were served on

19  Defendant JACK JUAN on December 28, 2024. In support of this proof, Plaintiff relies upon

20  the attached affidavit of service (**Exhibit 1**).

21        DATED this 8th day of January, 2025.

22                              */s/ Margaret A. McLetchie*
                              MARGARET A. MCLETCHIE, NBN 10931
23                              LEO S. WOLPERT, NBN 12658
                              **MCLETCHIE LAW**
24                              602 South Tenth Street
                              Las Vegas, NV 89101
25                              Telephone: (702) 728-5300; Fax: (702) 425-8220
                              Email: maggie@nvlitigation.com
26                              *Counsel for Plaintiff Jane Doe*
27

28

1

**MCLETCHIE LAW**
ATTORNEYS AT LAW
602 SOUTH TENTH STREET
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

28 27 26 25 24 23 22 21 20 19 18 17 16 15 14 13 12 11 10 9 8 7 6 5 4 3 2 1

2

# EXHIBIT 1

**AOS**

# DISTRICT COURT
# CLARK COUNTY, NEVADA

JANE DOE

                  **Plaintiff**

CASE NO:  A-24-898544-C

**VS**

HEARING DATE/TIME:

JACK JUAN

                  **Defendant**

DEPT NO:

## AFFIDAVIT OF SERVICE

KIMBERLY ROBINSON JENSEN being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 26th day of December, 2024 and served the same on the 28th day of December, 2024, at 20:34 by:

delivering and leaving a copy with the servee JACK JUAN at (address) 10716 HUNTER MOUNTAIN AVE, LAS VEGAS NV 89129

SUBJECT SERVED AT ADDRESS LISTED MIXED RACE 6FT - 6FT6IN+ 180-220LBS BLACK HAIR DARK EYES 30-40 YEARS OLD

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this___28__day of___Dec___,___2024,

**KIMBERLY ROBINSON JENSEN**
**R-2018-05722**

Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068

EP297184 A-24-898544-C

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box