# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JACQUELINE NICHOLS,

                 Plaintiff,

    vs.

JACK JUAN,

                 Defendant.

Case No.: 2:25-cv-00120-GMN-NJK

**ORDER GRANTING MOTION TO REMAND**

Pending before the Court is the Motion to Remand, (ECF No. 7), filed by Plaintiff Jacqueline Nichols.[1]  Defendant Jack Juan, filed a Response, (ECF No. 12), to which Plaintiff filed a Reply, (ECF No. 13).  Because this Court lacks subject matter jurisdiction over Plaintiff's claims, the Court GRANTS Plaintiff's Motion to Remand and DENIES as moot all other pending motions.

## I. BACKGROUND

This case arises from an incident in July 2022 at an out-of-the-office social gathering among coworkers. (Compl. ¶¶ 8–35, Ex. A to Pet. Removal, ECF No. 1).  Plaintiff alleges that Defendant made unwelcome sexual comments, positioned his chair to prevent her from leaving, and hugged and kissed her without her consent. (*Id.* at ¶¶ 23–30).  In response, Plaintiff filed claims for (1) battery, (2) assault; (3) wrongful imprisonment; (4) intentional infliction of emotional distress; and (5) negligence against Defendant, her coworker, in the Eighth Judicial District Court in Clark County, Nevada. (*See generally id.*).  Defendant timely removed this case to federal court, claiming that the case implicates a federal question over which the Court has original jurisdiction. (Pet. Removal ¶ 5, ECF No. 1).  Plaintiff moved to remand the case to

---

[1]  Plaintiff initially presented the Complaint anonymously.  However, Ms. Nichols subsequently disclosed her identity in state court filings. (*See, e.g.*, Mot. Extend Time 1:28, Ex. E to Pet. Removal, ECF No. 1).

state court. (*See generally* Mot. Remand, ECF No. 7).  Plaintiff also requests that the Court award reasonable fees and costs incurred in addressing the removal pursuant to 28 U.S.C. § 1447(c). (*Id.* at 6:14–15).

## II. LEGAL STANDARD

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiff argues that remand is appropriate because Defendant fails to establish that the Court has federal question jurisdiction. (Mot. Remand 4:10–13).[2]  Plaintiff also requests that the Court award reasonable fees and costs incurred in addressing removal because there was no objectively reasonable basis for removal. (*Id.* at 6:12–7:9).  The Court will address each argument in turn.

### A. Federal Question Jurisdiction

Plaintiff argues that the Court lacks federal question jurisdiction because she asserted only state tort claims in her Complaint. (Mot. Removal 4:12–14).  The Court agrees.  "Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).  The

---

[2] Diversity jurisdiction requires an action to be between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction has not been asserted by either party and does not exist in this case because Plaintiff and Defendant are both citizens of Nevada. (Compl. ¶¶ 5–6, Ex. A to Pet. Removal).

1    "'well-pleaded complaint rule' provides that federal jurisdiction exists only when a federal

2    question is presented on the face of the plaintiff's properly pleaded complaint." *California ex*

3    *rel. v. Locyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (quoting *Caterpillar Inc. v.*

4    *Williams*, 482 U.S. 386, 392 (1987)).  "Thus, the rule enables the plaintiff, as 'master of the

5    complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on

6    federal law.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 3).  Here, Plaintiff brought claims for torts

7    arising only in state law. (Compl. ¶¶ 48–70, Ex. A to Pet. Removal).  "[S]he has opted to sue

8    only [Defendant], not her former employer, and has decided only to pursue state claims against

9    him." (Reply 3:9–10).  Because the Complaint does not present a federal question on its face,

10    federal jurisdiction does not attach.

11           Defendant argues that this matter "belongs" in federal court because Plaintiff's state law

12    claims "necessarily raise a substantial, disputed federal issue." (Resp. 4:28–5:12) (citing

13    *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed. App'x 685, 687 (9th Cir. 2008)).  For a state

14    law claim to merit federal question jurisdiction, it must (1) "necessarily raise" a (2) "stated

15    federal issue," (3) "actually disputed and substantial," (4) "which a federal forum may entertain

16    without disturbing a congressionally approved balance of federal and state judicial

17    responsibilities." *Glanton*, 297 Fed. App'x at 686 (quoting *Grable & Sons Metal Prods. v.*

18    *Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).  Defendant does not acknowledge these

19    conditions and makes little attempt to address them in his argument.  He argues only that some

20    of the facts alleged in the Complaint could also form the basis for a federal claim under Title

21    VII of the Civil Rights Act. (*See* Resp. 5:2–12).  The *Glanton* court rejected a very similar

22    argument. *Glanton*, 297 Fed. App'x at 686 ("When a state law claim can be supported by . . . a

23    state law theory . . ., federal question jurisdiction does not attach because federal law is not a

24    necessary element of the claim.").  Thus, Defendant's arguments fail, and the Court does not

25    have original jurisdiction over this case under 28 U.S.C. § 1331.  Therefore, the Plaintiff's

1    Motion to Remand is GRANTED.

2    **B. Plaintiff's Fees and Costs**

3         Plaintiff asks for leave to seek the reasonable fees and costs she incurred in addressing

4    removal. (Mot. Remand 6:12–7:9). Defendant did not address this request. (*See generally*

5    Resp.). Title 28 U.S.C. § 1447 provides that, along with remanding the case to state court, this

6    Court "may require the payment of just costs and any actual expenses, including attorney fees,

7    incurred as a result of the removal." Absent unusual circumstances, courts may award attorney

8    fees under the attorney fee provision of the removal statute only when the removing party

9    lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital*

10   *Corp.*, 546 U.S. 132, 141 (2005). An award of attorney's fees can be granted in the absence of

11   bad faith regarding removal. *Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102,

12   1106 n.6 (9th Cir. 2000).

13        Defendant did not have an objectively reasonable basis to seek removal, and the Court is

14   therefore inclined to grant an award of attorneys' fees and costs.[3] (*See generally* Resp.)

15   However, Plaintiff has not submitted a motion for fees and costs that complies with Local Rule

16   54-14. Thus, the Court retains jurisdiction after remand to address Plaintiff's request for

17   attorneys' fees and costs. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th

18   Cir. 1992) ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral

19   to the decision to remand, the district court retained jurisdiction after remand to entertain

20

21   _____

22   [3] Defendant's removal argument cites only two authorities, neither of which support his argument that removal
     was proper. In addition to his citation to *Glanton*—discussed in more detail above—Defendant claims that the

23   well-pleaded complaint rule favors removal because Plaintiff alleges facts consistent with a federal claim. (Resp.
     5:2–12) (citing *5AIF Juniper 2, LLC v. White* No. 2-22-cv-01162-GMN-EJY, 2023 WL 2634404, at *2 (D. Nev.

24   Mar. 23, 2023)). The law clearly forecloses this argument. The well-pleaded complaint rule, settled law for
     nearly a century, clearly requires that "the federal controversy cannot be merely a possible or conjectural one."

25   *See, e.g.*, *California ex rel. v. Locyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (citing *Gully v. First
     Nat. Bank*, 299 U.S. 109, 113 (1936)).

Plaintiffs' motion for attorney's fees.").

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **GRANTED**.  This case is **REMANDED** to the Eighth Judicial District for the State of Nevada, County of Clark.

**IT IS FURTHER ORDERED** that the Motion to Dismiss, (ECF No. 29), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction solely over the request for attorneys' fees and costs.  Plaintiff shall have until May 5, 2025, to file a motion for attorneys' fees, which will follow the normal briefing schedule.

**DATED** this _8_ day of April, 2025.

_____
Gloria M. Navarro
United States District Court